991 So.2d 1004 (2008)
Susan Kay THORP, Appellant,
v.
STATE of Florida, Appellee.
No. 1D08-3351.
District Court of Appeal of Florida, First District.
October 2, 2008.
Nancy Daniels, Public Defender, and David P. Gauldin, Assistant Public Defender, Tallahassee, for Appellant.
Bill McCollum, Attorney General, and Jason Lee White, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges an order of involuntary commitment entered pursuant to section 394.467, Florida Statutes (2007). Because the record is devoid of competent substantial evidence that the appellant is incapable of surviving alone or with the help of family and friends, we reverse.
Under section 394.467(1), the state must demonstrate, among other things, either that the patient is incapable of surviving alone or with the help of family, friends or available services or that the appellant will inflict serious bodily harm to herself or another person. See § 394.467(1)(a)2, Fla. Stat. (2007). Although the testifying psychiatrist *1005 generally stated that the appellant was incapable of surviving alone, this testimony does not specify the nature of self-neglect in a way that establishes any real and present threat of substantial harm to the appellant's well-being. See Lyon v. State, 724 So.2d 1241, 1242-43 (Fla. 1st DCA 1999). Therefore, the evidence is insufficient to support involuntary commitment.
We accordingly reverse the order for involuntary placement.
REVERSED.
BARFIELD, ALLEN, and THOMAS, JJ., concur.